UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

ARRICKA MAXWELL,

               Plaintiff,

    v.                               Case No.

ATLANTIC RECOVERY SOLUTIONS, LLC,

               Defendant.

## PLAINTIFF'S COMPLAINT

Plaintiff, ARRICKA MAXWELL ("Plaintiff"), by and through her attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4, *et seq.* ("PFCEUA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because the Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Greensburg, Westmoreland County, Pennsylvania.

8. Plaintiff is, and at all times mentioned herein, a "consumer" as defined by the FDCPA and 73 P.S. § 2270.3

9. Defendant, and at all times relevant hereto, was attempting to collect a "debt" from Plaintiff as defined by the FDCPA and 73 P.S. § 2270.3.

10. Defendant is, and at all times mentioned herein, a "creditor" as defined by the FDCPA and 73 P.S. § 2270.3

11. Defendant is, and at all times mentioned herein, a "debt collector" as defined by the FDCPA and 73 P.S. § 2270.3

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection agency headquartered in East Amherst, New York.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephone number at xxx-xxx-6702, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 855-319-2711, which is one of Defendant's telephone numbers.

24. Within the past year of Plaintiff filing this Complaint, Defendant left the following voicemail messages on Plaintiff's telephone:

    a. "This message is solely intended for Arricka Maxwell. We have been attempting to reach you in regards to a legally required notice placed in our office for you. Please contact us back at your earliest convenience 855-319-2711."

    b. "We have been attempting to reach you in regards to a legally required notice placed in our office for you. Please contact us back at your earliest convenience 855-319-2711."

    c. "This message is solely intended for Arricka Maxwell. We have been attempting to reach you in regards to a legally required notice, placed in our office for you.

Please contact us back at your earliest convenience 855-319-2711."

25. The voicemail messages left on Plaintiff's telephone did not disclose the communication was from Atlantic Recovery Solutions.

26. The voicemail messages left on Plaintiff's telephone did not disclose that the communication was from a debtor collector and that any information obtained will be used for that purpose.

27. Defendant is or should be familiar with the FDCPA.

28. Defendant knows or should know the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

29. Defendant knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

30. To date, Defendant has not taken legal action against Plaintiff.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff incorporates by reference the foregoing paragraphs 1 through 30 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

32. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant left voicemail messages on Plaintiff's telephone without disclosing the communication was from Atlantic Recovery Solutions;

   b. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended be taken, when Defendant threatened to take legal action against

      Plaintiff when Defendant did not intend to take such action;

c. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages on Plaintiff's telephone without disclosing that the communication is from a debt collector and that any information obtained will be used for that purpose; and

d. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, ARRICKA MAXWELL, respectfully requests judgment be entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

36. Plaintiff incorporates by reference the foregoing paragraphs 1 through 30 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

37. Defendant violated the Pennsylvania Fair Credit Extension Uniformity Act. Defendant's violations include, but are not limited to, the following:

a. Placing calls to Plaintiff's telephone without meaningful disclosure of the caller's

       identity, in violation of § 2270.4(b)(4)(vi);

b. Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of § 2270.4(b)(5)(v); and

c. Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of § 2270.4(b)(5)(x).

WHEREFORE, Plaintiff, ARRICKA MAXWELL, respectfully requests judgment be entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, for the following:

38. As a result of Defendant engaging in the foregoing conduct, it has likewise violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, *et seq.*

39. Plaintiff is entitled to and seeks actual damages pursuant to 73 P.S. § 201-9.2(a).

40. Plaintiff is entitled to and seeks treble damages pursuant to 73 P.S. § 201-9.2(a).

41. Plaintiff is entitled to and seeks statutory damages of no less than $100.00 pursuant to 73 P.S. § 201-9.2(a).

42. Plaintiff is entitled to and seeks costs and reasonable attorney fees pursuant to 73 P.S. § 201-9.2(a).

43. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

44. Any other relief that this Honorable Court deems necessary or proper.

                                                  RESPECTFULLY SUBMITTED,

January 27, 2020          By: /s/ Michael A. Siddons
                                         Michael A. Siddons
                                         Attorney #89018
                                         The Law Firm of Michael Alan Siddons, Esquire
                                         230 N. Monroe Street
                                         PO Box 403
                                         Media, PA 19063
                                         Tel: 484-614-6546
                                         msiddons@siddonslaw.com
                                         Attorney for Plaintiff